UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VU TRONG LE,

                    Petitioner,

      v.

PATRICIA H. HYDE et al.,

                    Respondents.

CASE NO. 2:26-cv-01156-DGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 3) AND MOTION TO EXPEDITE (DKT. NO. 4)

On April 6, 2026, Petitioner filed a petition for writ of habeas corpus (Dkt. No. 1), motion for temporary restraining order ("TRO") (Dkt. No. 3), and motion to expedite (Dkt. No. 4).  Petitioner is a native and citizen of Vietnam.  (Dkt. No. 1 at 1.)  He alleges he is subject to a final order of removal but that an immigration judge granted him "withholding of removal under INA § 241(b)(3)" on August 21, 2025.  (*Id.*)  Petitioner alleges Immigration and Customs Enforcement ("ICE") continues to detain him without any significant likelihood of removal in the foreseeable future, in violation of the Fifth Amendment Due Process Clause and contrary to

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 3) AND MOTION TO EXPEDITE (DKT. NO. 4) - 1

the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*) Petitioner seeks immediate release, or in the alternative, a bond hearing. (*Id.*)

Also on April 6, 2026, the Court issued its standard scheduling order. (Dkt. No. 6.) The scheduling order requires Respondents to file their return by April 20, 2026, and Petitioner to file his traverse no later than April 27, 2026. (*Id.* at 2.) The scheduling order further orders Respondents to provide Petitioner anywhere from 48 to 72 hours' notice prior to any action to move or transfer him from the district or remove him from the United States. (*Id.*) This scheduling order was entered pursuant to General Order 10-25 found at https://www.wawd.uscourts.gov/sites/wawd/files/General%20Order%2010-25%20re%20Immigration%20Habeas.1.pdf. General Order 10-25 was entered on December 18, 2025 after consultation and cooperation by various stakeholders, including the U.S. Attorney's Office, the Federal Defender's Office, and the Northwest Immigrant Rights Project.

Petitioner's motion for TRO (Dkt. No. 3) is DENIED. Petitioner does not allege his removal is imminent; rather, he alleges it is unlikely he will be removed in the reasonably foreseeable future. (*Id.* at 2.) The Court therefore finds no basis to enter an order restraining Respondents. If imminent removal becomes a concern in the future, the scheduling order requires Respondents to provide notice before any transfer or removal attempt, and it provides Petitioner an opportunity to file for TRO in the event Respondents give notice of said transfer or removal. In the event Respondents serve a notice of transfer or removal on Petitioner, the Court hereby ORDERS Respondents to file such notice on the docket the same day it is served on Petitioner. In addition, although the motion for TRO also seeks immediate release, such relief is dependent on the validity of Petitioner's habeas petition, which the Court is unable to consider without full briefing from the Parties.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 3) AND MOTION TO EXPEDITE (DKT. NO. 4) - 2

Petitioner's motion to expedite (Dkt. No. 4) is also DENIED. Petitioner provides, and the Court finds, no basis to require a different return and traverse schedule than what is already identified in the scheduling order. (*See* Dkt. No. 6.) The Court will be more able to fully consider the merits of Petitioner's arguments when the record is complete.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of April 2026.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (DKT. NO. 3) AND MOTION TO EXPEDITE (DKT. NO. 4) - 3