UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VU TRONG LE,

               Petitioner,

      v.

PATRICIA H. HYDE et al.[1],

           Respondents.

CASE NO. 2:26-cv-01156-DGE

ORDER PROVISIONALLY BARRING THIRD COUNTRY REMOVAL TO MAINTAIN THE COURT'S JURISDICTION AND TO PROVIDE PETITIONER AN OPPORTUNITY TO FILE TRAVERSE

---

[1] Petitioner names the "Facility Administrator, Northwest ICE Processing Center" ("NWIPC") as a respondent in this matter and identifies that he is detained at the NWIPC. (Dkt. Nos. 1 at 1–2; 2 at 1.)  Petitioner further identifies the Facility Administrator at the NWIPC is "the immediate custodian of Petitioner."  (*Id*. at 2.)  The proper respondent for § 2241 habeas petitions is "the person who has custody over [the petitioner]," not merely the agency employing that individual. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004) (citing 28 U.S.C. §§ 2242, 2243); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (reversing grant of federal habeas relief where the immigrant detainee's direct custodian was not named as a respondent).  Liberally construing the petition in Petitioner's favor, the Court finds Petitioner has adequately identified the person who has custody over Petitioner, in this case the Facility Administrator of the NWIPC who is otherwise known as Warden Bruce Scott.  Accordingly, the Court substitutes Warden Bruce Scott as a Respondent in this matter.  The Court further notes Respondents filed a response to the petition and did not raise the absence of Scott's name on the petition as a basis for denial of the petition.  (*See* Dkt. No. 9.)

ORDER PROVISIONALLY BARRING THIRD COUNTRY REMOVAL TO MAINTAIN THE COURT'S JURISDICTION AND TO PROVIDE PETITIONER AN OPPORTUNITY TO FILE TRAVERSE - 1

This matter comes before the Court sua sponte based on its review of the docket.

Petitioner is a native and citizen of Vietnam.  (Dkt. No. 2 at 1.)  He is detained at the NWIPC and has been there since November 12, 2024.  (Dkt. 10 at 2.)  Petitioner was placed in removal proceedings on January 16, 2025.  (Dkt. No. 11-1 at 2.)  On August 21, 2025, Petitioner was ordered removed to Vietnam but was granted withholding of removal.  (Dkt. Nos. 11-2; 10 at 2.)  Beginning in November 2025, Petitioner repeatedly indicated his refusal to accept removal to a third country and refused to assist ERO's removal attempts.  (Dkt. No. 10 at 3–4.)

On April 5, 2026, Petitioner's removal to Palau was approved.  (*Id.* at 4.)  On April 6, 2026, Petitioner filed his petition for writ of habeas corpus in this matter.  (Dkt. No. 1.)  The petition asserts, "ICE has not identified any country to which Petitioner may be removed."[2]  (*Id.* at 2.)

On April 20, 2026, Respondents filed their response to the petition and mailed the response to Petitioner the same day.  (Dkt. Nos. 9–11.)  The response identifies Respondents intend to remove Petitioner to a third country, Palau, and that they are working on schedule the removal.  (Dkt. No. 10 at 3.)  On April 21, 2026, Respondents informed Petitioner they intended to remove Petitioner to Palau "not earlier than 48 hours from the date of this filing."  (Dkt. No. 12 at 1.)

Plaintiff's traverse is not due until April 27, 2026.  (Dkt. No. 6.)  Because all communications between Petitioner and Respondents and with the Court is through mail, it is

---

[2] The envelope Petitioner used to mail his petition is dated April 1, 2026 (*see* Dkt. No. 1-3), meaning Petitioner mailed his petition before Respondents informed him that Palau agreed to accept him on April 5.  This also may indicate that it takes no less than five days for Petitioner to receive copies of documents or to file documents in this matter.

ORDER PROVISIONALLY BARRING THIRD COUNTRY REMOVAL TO MAINTAIN THE COURT'S JURISDICTION AND TO PROVIDE PETITIONER AN OPPORTUNITY TO FILE TRAVERSE - 2

unclear when Petitioner will have an opportunity to review Respondents' response and how quickly the Court will receive Petitioner's traverse.

Based on the record, it is clear Petitioner objects to his removal to a third country. It also is clear that Petitioner could potentially be removed before the Court receives and reviews his traverse.

Accordingly, the Court sua sponte ORDERS that Respondents are provisionally BARRED from removing Petitioner to any third country and are otherwise PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order of the Court. The reason for this order is to preserve the Court's jurisdiction over the petition and to maintain the status quo so the Court can be fully informed about the Parties' positions and the merits of Petitioner's petition, including the merits of any objections to the attempt to remove Petitioner to a third country. *See See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter.").

Dated this 22nd day of April 2026.

David G. Estudillo
United States District Judge

ORDER PROVISIONALLY BARRING THIRD COUNTRY REMOVAL TO MAINTAIN THE COURT'S JURISDICTION AND TO PROVIDE PETITIONER AN OPPORTUNITY TO FILE TRAVERSE - 3