UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VU TRONG LE,

                                    Petitioner,

            v.

PATRICIA H. HYDE et al.,[1]

                                    Respondent.

CASE NO. 2:26-cv-01156-DGE

ORDER ON PETITION FOR WRIT
OF HABEAS CORPUS

---

[1] Petitioner names the "Facility Administrator, Northwest ICE Processing Center" as a respondent in this matter and identifies that he is detained at the NWIPC. (Dkt. Nos. 1 at 1–2; 2 at 1.)  The proper respondent for § 2241 habeas petitions is "the person who has custody over [the petitioner]," not merely the agency employing that individual. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004) (citing 28 U.S.C. §§ 2242, 2243); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (reversing grant of federal habeas relief where the immigrant detainee's direct custodian was not named as a respondent).  Liberally construing the petition in Petitioner's favor, the Court finds Petitioner has adequately identified the person who has custody over Petitioner, in this case the Facility Administrator of the NWIPC who is otherwise known as Warden Bruce Scott.  Accordingly, the Court substitutes Warden Bruce Scott as Respondent in this matter.  The Court further notes Respondents filed a response to the petition and did not raise the absence of Scott's name on the petition as a basis for denial of the petition.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 1

This matter comes before the Court on Petitioner Trong Vu Le's petition for writ of habeas corpus.  (Dkt. No. 1.)  Having reviewed the petition, the return memorandum (Dkt. No. 9), the notices of intent to remove (Dkt. Nos. 12, 14) and all other supporting materials, the Court DENIES Petitioner's writ of habeas corpus.

## I    BACKGROUND

### A.  Factual Background

Petitioner is a native and citizen of Vietnam.  (Dkt. No. 2 at 1.)  He was first encountered by Border Patrol on October 20, 2024 near Otay Mesa, California.  (Dkt. No. 11-2 at 3.)  A Border Patrol agent "determined that [Petitioner] had unlawfully entered the United States . . . at a time and place other than as designated by the Secretary of Homeland Security."  (*Id.*)  Petitioner was arrested and transported to the San Diego Central Processing Center at that time.  (*Id.*)  He was held in Department of Homeland Security ("DHS") custody for further processing in expedited removal proceedings "as per Section 235(b)(1)" of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225.  (*Id.* at 4.)  Deportation Officer Anthony Rosa states that "[b]ased on Petitioner's date and manner of entry, he was subject to the Circumvention of Lawful Pathways ('CLP') pursuant to 8 C.F.R. § 235.15 and INA § 212(f)."[2, 3]  (Dkt. No. 10 at

---

[2] INA § 212 is codified at 8 U.S.C. § 1182.

[3] The CLP rule was in effect from May 2023 through May 2025.  *M.T.M. v. Andrews*, Case No. 2:25-cv-08208-SRM-PD, 2025 WL 4058220, at *5 (C.D. Cal. Sept. 11, 2025).  Under the rule, "individuals who entered the United States without inspection and through a country other than their origin country were presumptively ineligible for asylum."  *A.A.M. v. Andrews*, 815 F. Supp. 3d 1124, 1131 (E.D. Cal. 2025); *see also Reyes Lopez v. Bondi*, Case No. 25-798, 2025 WL 3090747, at *1 (9th Cir. Nov. 5, 2025) (quoting 8 C.F.R. § 1208.33(a)(1)) (the CLP rule establishes a "'rebuttable presumption of ineligibility for asylum' that applies to aliens, other than Mexican nationals, 'who ente[r] the United States from Mexico at the southwest land border or adjacent coastal borders without documents sufficient for lawful admission' between May 11, 2023, and May 11, 2025.").  Here, because Petitioner is a native of Vietnam and entered through the southern border, he was not eligible for asylum.  (Dkt. No. 11-2 at 4) ("[Petitioner made an

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 2

2.)  While in initial Border Patrol custody, Petitioner apparently "did not manifest a fear of return, express an intention to apply for asylum or related protection, express a fear of persecution or torture, or express a fear of return to [his] country or the country of removal." (Dkt. No. 11-2 at 4.)  On November 12, 2024, Petitioner was transferred and booked into the Northwest ICE Processing Center ("NWIPC"), where he remains detained today.  (Dkt. Nos. 2 at 1; 10 at 2.)  On November 20, 2024, Petitioner manifested a fear of return to Vietnam; that claim was referred to United States Citizenship and Immigration Services ("USCIS") for a credible fear interview.  (Dkt. Nos. 10 at 2; 11-2 at 4.)

On January 16, 2025, a Notice to Appear ("NTA") was issued, identifying Petitioner as "an alien present in the United States who has not been admitted or paroled," and charging him as removable pursuant to INA §§ 212(a)(6)(A)(i) and 212(a)(7)(a)(i)(I).  (Dkt. No. 11-1 at 2.)  The October 2024 order of expedited removal under INA § 235(b)(1) was "vacated pursuant to" 8 C.F.R. § 208.30 (*id.*), which governs credible fear determinations for applicants such as Petitioner found inadmissible under INA §§ 212(a)(6)(A)(i) and 212(a)(7)(a)(i)(I).  Petitioner was ordered to appear for a hearing on February 13, 2025.  (*Id.*)

Petitioner, represented by counsel, appeared for a hearing on August 21, 2025, where an immigration judge ordered Petitioner's removal to Vietnam but also granted Petitioner's withholding of removal under INA § 241(b)(3), codified at 8 U.S.C. § 1231.  (Dkt. Nos. 10 at 2; 11-3 at 2.)  Both parties waived appeal (*see* Dkt. No. 11-3 at 4), making this order of removal final.  Petitioner states because of this ruling, he "understand[s] that [he] cannot be removed to Vietnam."  (Dkt. No. 2 at 1.)

unlawful entry into the United States during the suspension of and limitation on entry described in the [CLP rule].  [Petitioner] does not qualify for an exception to the [CLP rule].").

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 3

At that point, Enforcement and Removal Operations ("ERO") began attempting to remove Petitioner to a country other than Vietnam.  Officer Rosa declares that on November 17, 2025, Petitioner "indicated his refusal to accept removal to any third country[.]" (Dkt. No. 10 at 2.)  Nevertheless, Petitioner was served with and refused to sign a Form I-229a, which provided "instructions regarding assistance in removal." (*Id.*)  On December 4, Petitioner was served with a notice of a "Post Order Custody Review" form and interviewed pursuant to that review, but he refused to sign the notice. (*Id.*)  On December 30, Petitioner was again asked if he would consider removal to a third country and provided a list of options that do not require visas for Vietnamese nationals, but Petitioner "refused to assist." (*Id.* at 3.)

On April 5, 2026, Petitioner's removal to Palau was apparently approved. (*Id.*)  According to Officer Rosa, no travel documents aside from a passport are required, and ERO "is in possession of Petitioner's passport." (*Id.*)  Officer Rosa declares that notice and referral for a "third country fear screening" is not required because ERO has been informed that Palau has provided "diplomatic assurances that aliens removed from the United States to [Palau] will not be persecuted or tortured and those assurance have been deemed credible by the United States Department of State." (*Id.*)  While Petitioner's petition for writ of habeas corpus is pending, ERO is "working to schedule Petitioner for removal to Palau." (*Id.*)

**B.  Procedural History**

Petitioner filed his petition for writ of habeas corpus on April 6, 2026 (Dkt. No. 1), alongside a motion for temporary restraining order ("TRO") (Dkt. No. 3) and a motion to expedite (Dkt. No. 4.)  That same day, the Court issued its standard scheduling order for habeas petitions, providing the deadlines for Respondents' return and Petitioner's traverse, as well as ordering Respondents to provide Petitioner anywhere from 48 to 72 hours' notice prior to any

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 4

action to move or transfer him from the district or remove him from the United States.  (Dkt. No. 6 at 2.)

Also on April 6, 2026, the Court denied Petitioner's motion for TRO and motion to expedite because Petitioner did not allege his removal is imminent and because he did not provide a basis to require an expedited briefing schedule than what was already identified in the scheduling order.  (Dkt. No. 7 at 2–3.)  The Court also explained that it would be unable to consider the merits of Petitioner's claim for relief until it received a full record from the Parties.  (*Id.*)  The case therefore proceeded on the schedule set in the standard scheduling order.  (*See* Dkt. No. 7.)

In his petition, Petitioner argues he is subject to a final order of removal, but that an immigration judge granted him withholding of removal pursuant to INA § 241(b)(3) on August 21, 2025, which "thereby prohibit[s] his removal to Vietnam."  (Dkt. No. 2 at 1.)  He argues that because of this "grant of protection," his continued detention without a significant likelihood of removal is in violation of the Fifth Amendment Due Process Clause and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In their response brief filed on April 20, 2026, Respondents acknowledge that the six-month presumptively reasonable period for Petitioner's detention pursuant to *Zadvydas* expired on February 24, 2026.  (Dkt. No. 9 at 7.)  They assert, however, that there is a significant likelihood of removal in the reasonably foreseeable future, because ICE has obtained an agreement from Palau to accept Petitioner and is in possession of Petitioner's passport.  (*Id.*)  Respondents assert Petitioner's refusal to cooperate is the reason he remains detained, meaning that Petitioner cannot satisfy his burden under *Zadvydas*.  (*Id.* at 7–8.)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 5

On April 21, 2026, Respondents filed a notice of intent to remove Petitioner "not earlier than 48 hours" from the date of filing. (Dkt. No. 12.) They informed the Court Petitioner was provided notice of the removal on April 21 but refused to sign. (*Id.* at 1.) On April 22, the Court sua sponte entered an order provisionally barring Respondents from removing Petitioner to a third country or transferring him from this jurisdiction because Petitioner's traverse was not due until April 27 and the Court wanted to give Petitioner a chance to respond to third-country removal as raised by Respondents.[4]

Since that order, the Court received no filings in this matter, until Friday, May 1, 2026, when Respondents filed a second notice of intent to remove. (Dkt. No. 14.) Janese Mull, Acting Deputy Assistant Director of the ICE Removal Management Division, declares that Petitioner has been accepted to Palau via a third-country removal agreement between the United States and Palau. (Dkt. No. 15 at 2.) The United States has received credible diplomatic assurances from Palau that noncitizens removed from the United States will not be subjected to persecution or torture. (*Id.*) Mulls states that ICE intends to remove Petitioner to Palau on Monday, May 4, 2026, "absent any stay or temporary restraining order." (*Id.*) Further, should Petitioner not make the May 4 flight, ICE would be able to remove Petitioner to Palau on the "next scheduled charter" absent a stay or temporary restraining order. (*Id.*)

## II    DISCUSSION

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings."

---

[4] The envelope Petitioner used to mail his petition was dated April 1, 2026 (*see* Dkt. No. 1-3), meaning Petitioner mailed his petition before Respondents informed him on April 5 that Palau had agreed to accept him. (*See* Dkt. No. 2 at 3.)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 6

*Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001).  Thus, the Supreme Court has held "the Due Process Clause protects a[ ] [noncitizen] subject to a final order of deportation[.]" *Zadvydas*, 533 U.S. at 693–694 (2001) (citing *Wong Wing v. United States*, 163 U.S. 228, 238, (1896)).

*Zadvydas* "places the burden on the [noncitizen] to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'"  *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (quoting *Zadvydas*, 533 U.S. at 701).  If the noncitizen meets this burden, then the respondents must "introduce evidence to refute that assertion."  *Id.* (first citing *Zadvydas*, 533 U.S. at 701; and then citing *Xi v. I.N.S.*, 298 F.3d 832, 839–840 (9th Cir. 2002)); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) ("Given the unreasonable length of [petitioner's] detention, the unforeseeability of his removal, and the failure of the government to rebut his showing that there is no significant likelihood of removal in the reasonably foreseeable future, the government's continued detention violates federal law, as construed by the Supreme Court.").

Where the government cannot remove a noncitizen to the country specified in their removal order, it may attempt to remove that person to a third country, but in doing so, it must comply with the INA, 8 U.S.C. § 1231(b), and the Due Process Clause.  *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); *Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17, 2025) (explaining such designations "are subject to the same mandatory protections that exist in removal proceedings.").  To comply with due process, the government must provide sufficient notice and a meaningful opportunity for the noncitizen to present any claim of fear of persecution or harm upon removal to a designated third country.  *Id.*

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 7

Petitioner exclusively challenged his detention as unconstitutionally prolonged under *Zadvydas*.  (*See* Dkt. No. 1 at 3) (challenging indefinite detention under *Zadvydas* because his withholding of removal prohibits his return to Vietnam).  Though Respondents acknowledge Petitioner has been detained for more than six months (Dkt. No. 9 at 7), they have established that Petitioner's removal to Palau is likely in the reasonably foreseeable future.  As explained by Mull, Palau has agreed to accept Petitioner and assured the United States that he will not be subject to persecution or torture.  (Dkt. No. 15 at 2.)  Petitioner's acceptance and placement on the May 4, 2026 flight serves as the necessary travel documents in Petitioner's removal.  (*Id.*)  The record is devoid of any evidence indicating Petitioner has challenged his removal to Palau.[5]  Petitioner's sole claim under *Zadvydas* thus fails, because his detention is not indefinite.  *See Del Toro-Chacon v. Chertoff*, Case No. C05-1861RSL, 2008 WL 687445, at *8 (W.D. Wash. Mar. 10, 2008) (detention not indefinite when "there is no showing that the government has caused any unreasonable delay[]").

The Court recognizes others have challenged the process, or lack thereof, provided by Respondents in third country removal situations.  However, the Court cannot address potential Due Process concerns related to Respondents' third country removal policies and procedures because Petitioner has not identified his position on third country removal.  The Court, therefore, is not in a position to address potential third country removal concerns in this matter.

### III    ORDER

For the reasons set forth above, the Court DENIES Petitioner's writ of habeas corpus (Dkt. No. 1).

---

[5] Respondents assert only that on April 21, 2026, Petitioner was given notice of Respondents' intent to remove him to Palau, but he refused to sign.  (Dkt. No. 12 at 1.)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 8

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of May 2026.



David G. Estudillo
United States District Judge

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 9