# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| VU TRONG LE, | CASE NO. 2:26-cv-01156-DGE |
| Petitioner, | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PATRICIA H. HYDE et al.[1], | |
| Respondents. | |

---

[1] Petitioner names the "Facility Administrator, Northwest ICE Processing Center" as a respondent in this matter and identifies he is detained at the Northwest ICE Processing Center. (Dkt. Nos. 1 at 1–2; 2 at 1.)  The proper respondent for § 2241 habeas petitions is "the person who has custody over [the petitioner]," not merely the agency employing that individual. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–435 (2004) (citing 28 U.S.C. §§ 2242, 2243); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (reversing grant of federal habeas relief where the immigrant detainee's direct custodian was not named as a respondent).  Liberally construing the petition in Petitioner's favor, the Court finds Petitioner has adequately identified the person who has custody over Petitioner, in this case the Facility Administrator of the NWIPC who is otherwise known as Warden Bruce Scott.  Accordingly, the Court substitutes Warden Bruce Scott as Respondent in this matter.  The Court further notes Respondents filed a response to the petition and did not raise the absence of Scott's name on the petition as a basis for denial of the petition.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 1

This matter comes before the Court on Petitioner Trong Vu Le's petition for writ of habeas corpus.  (Dkt. No. 1.)  Having reviewed the petition, the return memorandum (Dkt. No. 9), the traverse (Dkt. No. 17), and all supporting materials, the Court GRANTS Petitioner's writ of habeas corpus.

## I   BACKGROUND

### A.  Factual Background

Petitioner is a native and citizen of Vietnam.  (Dkt. No. 2 at 1.)  He was first encountered by Border Patrol on October 20, 2024 near Otay Mesa, California.  (Dkt. No. 11-2 at 3.)  A Border Patrol agent "determined that [Petitioner] had unlawfully entered the United States . . . at a time and place other than as designated by the Secretary of Homeland Security."  (*Id.*)  Petitioner was arrested and transported to the San Diego Central Processing Center at that time.  (*Id.*)  He was held in Department of Homeland Security ("DHS") custody for further processing in expedited removal proceedings "as per Section 235(b)(1)" of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225.  (*Id.* at 4.)  Deportation Officer Anthony Rosa states that "[b]ased on Petitioner's date and manner of entry, he was subject to the Circumvention of Lawful Pathways ('CLP') pursuant to 8 C.F.R. § 235.15 and INA § 212(f)."[2, 3]  (Dkt. No. 10 at

---

[2] INA § 212 is codified at 8 U.S.C. § 1182.

[3] The CLP rule was in effect from May 2023 through May 2025.  *M.T.M. v. Andrews*, Case No. 2:25-cv-08208-SRM-PD, 2025 WL 4058220, at *5 (C.D. Cal. Sept. 11, 2025).  Under the rule, "individuals who entered the United States without inspection and through a country other than their origin country were presumptively ineligible for asylum."  *A.A.M. v. Andrews*, 815 F. Supp. 3d 1124, 1131 (E.D. Cal. 2025); *see also Reyes Lopez v. Bondi*, Case No. 25-798, 2025 WL 3090747, at *1 (9th Cir. Nov. 5, 2025) (quoting 8 C.F.R. § 1208.33(a)(1)) (explaining that the CLP rule establishes a "'rebuttable presumption of ineligibility for asylum' that applies to aliens, other than Mexican nationals, 'who ente[r] the United States from Mexico at the southwest land border or adjacent coastal borders without documents sufficient for lawful admission' between May 11, 2023, and May 11, 2025.").  Here, because Petitioner is a native of Vietnam and entered through the southern border, he was not eligible for asylum.  (Dkt. No. 11-2 at 4) ("[Petitioner

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 2

2.)  While in initial Border Patrol custody, Petitioner apparently "did not manifest a fear of return, express an intention to apply for asylum or related protection, express a fear of persecution or torture, or express a fear of return to [his] country or the country of removal." (Dkt. No. 11-2 at 4.)  On November 12, 2024, Petitioner was transferred and booked into the Northwest ICE Processing Center ("NWIPC"), where he remains detained today.  (Dkt. Nos. 2 at 1; 10 at 2.)  On November 20, 2024, Petitioner manifested a fear of return to Vietnam; that claim was referred to United States Citizenship and Immigration Services ("USCIS") for a credible fear interview.  (Dkt. Nos. 10 at 2; 11-2 at 4.)

On January 16, 2025, a Notice to Appear ("NTA") was issued, identifying Petitioner as "an alien present in the United States who has not been admitted or paroled," and charging him as removable pursuant to INA §§ 212(a)(6)(A)(i) and 212(a)(7)(a)(i)(I).  (Dkt. No. 11-1 at 2.)  The NTA identifies an expedited removal under INA § 235(b)(1) was "vacated pursuant to" 8 C.F.R. § 208.30 (*id.*), which governs credible fear determinations for applicants such as Petitioner who are found inadmissible under INA §§ 212(a)(6)(A)(i) and 212(a)(7)(a)(i)(I).  Petitioner was ordered to appear for a hearing on February 13, 2025.  (*Id.*)

Petitioner, represented by counsel, appeared for a hearing on August 21, 2025, where an immigration judge ordered Petitioner's removal to Vietnam but also granted Petitioner's withholding of removal under INA § 241(b)(3), codified at 8 U.S.C. § 1231.  (Dkt. Nos. 10 at 2; 11-3 at 2.)  Both parties waived appeal (*see* Dkt. No. 11-3 at 4), making this order of removal final.  Petitioner states because of this ruling, he "understand[s] that [he] cannot be removed to Vietnam."  (Dkt. No. 2 at 1.)

made an unlawful entry into the United States during the suspension of and limitation on entry described in the [CLP rule].  [Petitioner] does not qualify for an exception to the [CLP rule].").

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 3

At that point, Enforcement and Removal Operations ("ERO") began attempting to remove Petitioner to a country other than Vietnam.  Officer Rosa declares that on November 17, 2025, Petitioner "indicated his refusal to accept removal to any third country[.]" (Dkt. No. 10 at 2.)  Nevertheless, Petitioner was served with and refused to sign a Form I-229a, which provided "instructions regarding assistance in removal." (*Id.*)  On December 4, Petitioner was served with a notice of a "Post Order Custody Review" form and interviewed, but he refused to sign the notice. (*Id.*)  On December 30, Petitioner was again asked if he would consider removal to a third country and provided a list of options; Petitioner "refused to assist." (*Id.* at 3.)

On April 5, 2026, Petitioner's removal to Palau was apparently approved. (*Id.*)  There is no indication in the record Petitioner was informed of his approval at this time.  According to Officer Rosa, no travel documents aside from a passport are required, and ERO "is in possession of Petitioner's passport." (*Id.*)  Officer Rosa declares that notice and referral for a "third country fear screening" is not required because ERO has been informed that Palau has provided "diplomatic assurances that aliens removed from the United States to [Palau] will not be persecuted or tortured and those assurance have been deemed credible by the United States Department of State." (*Id.*)

**B.  Procedural History**

Petitioner filed his petition for writ of habeas corpus on April 6, 2026 (Dkt. No. 1), alongside a motion for temporary restraining order ("TRO") (Dkt. No. 3) and a motion to expedite (Dkt. No. 4.)  That same day, the Court issued its standard scheduling order for habeas petitions, providing the deadlines for Respondents' return and Petitioner's traverse, as well as ordering Respondents to provide Petitioner anywhere from 48 to 72 hours' notice prior to any

action to move or transfer him from the district or remove him from the United States. (Dkt. No. 6 at 2.)

Also on April 6, 2026, the Court denied Petitioner's motion for TRO and motion to expedite because Petitioner did not allege his removal was imminent and because he did not provide a basis to require an expedited briefing schedule than what was already identified in the scheduling order. (Dkt. No. 7 at 2–3.) The Court also explained that it would be unable to consider the merits of Petitioner's claim for relief until it received a full record from the Parties. (*Id.*) The case therefore proceeded on the schedule set in the standard scheduling order. (*See* Dkt. No. 7.)

Petitioner argues he is subject to a final order of removal, but that an immigration judge granted him withholding of removal pursuant to INA § 241(b)(3) on August 21, 2025, which "thereby prohibit[s] his removal to Vietnam." (Dkt. No. 2 at 1.) He argues that because of this "grant of protection," his continued detention without a significant likelihood of removal is in violation of the Fifth Amendment Due Process Clause and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

Respondents acknowledge that the six-month presumptively reasonable period for Petitioner's detention pursuant to *Zadvydas* expired on February 24, 2026. (Dkt. No. 9 at 7.) They assert, however, that there is a significant likelihood of removal in the reasonably foreseeable future, because Respondents obtained an agreement from Palau to accept Petitioner and are in possession of Petitioner's passport. (*Id.*) Respondents assert Petitioner's refusal to cooperate is the reason he remains detained, meaning that Petitioner cannot satisfy his burden under *Zadvydas*. (*Id.* at 7–8.)

On April 21, 2026, Respondents filed a notice of intent to remove Petitioner "not earlier than 48 hours" from the date of filing. (Dkt. No. 12.) They informed the Court Petitioner was provided notice of the removal on April 21 but refused to sign. (*Id.* at 1.) On April 22, the Court sua sponte entered an order provisionally barring Respondents from removing Petitioner to a third country or transferring him from this jurisdiction because Petitioner's traverse was not due until April 27 and the Court wanted to give Petitioner a chance to respond to third-country removal as raised by Respondents.[4]

Since that order, the Court received no filings in this matter, until Friday, May 1, 2026, when Respondents filed a second notice of intent to remove. (Dkt. No. 14.) Janese Mull, Acting Deputy Assistant Director of the ICE Removal Management Division, declares that Petitioner has been accepted to Palau via a third country removal agreement between the United States and Palau. (Dkt. No. 15 at 2.) The United States has received credible diplomatic assurances from Palau that noncitizens removed from the United States will not be subjected to persecution or torture. (*Id.*) Mulls states that ICE intends to remove Petitioner to Palau on Monday, May 4, 2026, "absent any stay or temporary restraining order." (*Id.*) Further, should Petitioner not make the May 4 flight, ICE would be able to remove Petitioner to Palau on the "next scheduled charter" absent a stay or temporary restraining order. (*Id.*)

On May 1, 2026, at 3:24 PM, the Court entered an order denying Petitioner's petition for writ of habeas corpus because it had not received a traverse from Petitioner or any other filing indicating he was challenging third-country removal. (Dkt. No. 16.) However, at 4:26 PM that same day, the Court received Petitioner's traverse, in which he challenges third country removal

---

[4] The envelope Petitioner used to mail his petition was postmarked April 1, 2026 (*see* Dkt. No. 1-3), meaning Petitioner mailed his petition before Respondents obtained confirmation on April 5 that Palau had agreed to accept Petitioner.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 6

on Due Process grounds for the first time.  (*See* Dkt. No. 17.)  In a minute order, the Court vacated its May 1 order and placed Respondents on notice that it would issue a new order on Petitioner's petition for writ of habeas corpus no later than Sunday, May 3.  (Dkt. No. 18.)  The matter is now fully briefed and ripe for disposition.

## II    LEGAL STANDARD

### A.  Petition for Writ of Habeas Corpus

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2).  To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, Case No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, Case No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241).  Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'" *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

### B.  Detention Under 8 U.S.C. § 1231

The detention, release, and removal of noncitizens subject to a final order of removal is governed by INA § 241, codified at 8 U.S.C. § 1231.  The removal period begins, relevant here, on "[t]he date the order of removal becomes administratively final[,]" *id.* § 1231(a)(1)(B), which in this case was August 21, 2025, when an immigration judge granted a withholding of removal and both Parties waived their right to appeal.  (Dkt. No. 11-3 at 3–4.)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 7

The first 90-day period following the entry of the order of final removal is called the "removal period." *Id.* § 1231(a)(1)(A). Detention is mandatory during that period. *Id.* § 1231(a)(2). However, once the 90-day removal period has expired, continued detention is at the discretion of the Attorney General. *Id.* § 1231(a)(6). There is no statutory limit on the Attorney General's discretion to detain non-citizens beyond the 90-day period, but in *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. As the *Zadvydas* Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Id.* The *Zadvydas* Court concluded, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

### III    DISCUSSION

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). Thus, the Supreme Court has held "the Due Process Clause protects a[ ] [noncitizen] subject to a final order of deportation[.]" *Zadvydas*, 533 U.S. at 693–694 (2001) (citing *Wong Wing v. United States*, 163 U.S. 228, 238, (1896)).

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 8

## A. Third Country Removal

Petitioner argues Due Process bars removal to a third country without notice and an opportunity to be heard.[5] (Dkt. No. 17 at 6.)  He further contends that his continued detention violates Due Process because there is no significant likelihood of removal in the reasonably foreseeable future.  (Dkt. No. 1 at 1, 3.)

Where the government cannot remove a noncitizen to the country specified in their removal order, it may attempt to remove that person to a third country, but in doing so, it must comply with the INA, 8 U.S.C. § 1231(b), and the Due Process Clause.  *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); *Kumar v. Wamsley*, Case No. C25-2055-KKE, 2025 WL 3204724, at *2 (W.D. Wash. Nov. 17, 2025) (explaining such designations "are subject to the same mandatory protections that exist in removal proceedings.").  To comply with Due Process, the government must provide sufficient notice and a meaningful opportunity for the noncitizen to present any claim of fear of persecution or harm upon removal to a designated third

---

[5] Petitioner raised this argument for the first time in his traverse.  "It is well-settled . . . that a habeas petitioner cannot amend his petition—much less introduce wholly new claims—in his reply brief." *McClellon v. Rickard*, Case No. 24-CV-10053 (VSB) (BCM), 2025 WL 3286917, at *10 (S.D.N.Y. June 24, 2025) (emphasis added), *report and recommendation adopted in part, rejected in part*, Case No. 24-CV-10053 (VSB) (BCM), 2026 WL 686499 (S.D.N.Y. Mar. 11, 2026); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Calderon v. Noem*, Case No. 2:25-CV-2136-LK-TLF, 2025 WL 3754042, at *4 (W.D. Wash. Dec. 29, 2025).  The Court notes, however, that at the time Petitioner originally filed his petition for writ of habeas corpus, Respondents had not yet informed him of their intention to remove him to Palau.  (*Compare* Dkt. No. 1-3 (envelope to file habeas petition postmarked April 1, 2026) *with* Dkt. No. 10 at 3 (Officer Rosa declaring Petitioner's removal to Palau was approved April 5, 2026).)  Accordingly, and in the interests of justice, the Court will consider Petitioner's traverse and the arguments therein because Petitioner did not have an opportunity to raise third country removal claims at the outset and Respondents indicate they plan to remove Petitioner as early as May 4, 2026.  (*See* Dkt. No. 15.)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 9

country. *Id.* The government must "make a determination regarding a noncitizen's claim of fear before deporting him." *Aden*, 409 F. Supp. 3d at 1010; 8 U.S.C. § 1231(b)(3)(A).

Numerous courts in the Ninth Circuit have found if a noncitizen claims fear of removal to a designated third country, the government must allow them to pursue withholding of removal through reopened removal proceedings before an immigration judge. *See Nguyen v. Scott,* 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) ("In the context of country of removal designations, last minute orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country.") (quoting *Najjar v. Lynch*, 630 Fed. App'x 724 (9th Cir. 2016)); *A.A.M.*, 815 F. Supp. 3d at 1141 ("Due process requires that Petitioner receive a full and fair hearing of his fear-based claim in front of a neutral adjudicator."); *Baltodano v. Bondi*, Case No. C25-1958RSL, 2025 WL 2987766, at *3–4 (W.D. Wash. Oct. 23, 2025); *Y.T.D. v. Andrews*, Case No. 1:25-cv-01100-JLT-SKO, 2025 WL 2675760, at *11 (E.D. Cal. Sep. 18, 2025) ("On balance, on this record, the Court finds that there is a sufficiently imminent risk that Petitioner will be subjected to improper process in relation to any third country removal to warrant imposition of an injunction requiring additional process."); *Aden*, 409 F. Supp. 3d at 1010 ("ICE's attempt to remove Petitioner to Somalia without notice, much less an opportunity to be heard, violated petitioner's due process rights."). In *Nguyen*, the court found that ICE's current third country removal policy "contravenes Ninth Circuit law." 796 F. Supp. 3d at 726. The *Nguyen* court also found that a "noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation." *Id.* at 727 (quoting *Aden*, 409 F. Supp. 3d 1009).

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 10

Here, Petitioner cannot be removed to Vietnam.  (Dkt. No. 11-3) (granting withholding of removal to Vietnam).  And though Petitioner has several times refused removal to a third country (*see* Dkt. Nos. 10, 12), the record shows he has been denied the opportunity to present a fear-based claim for relief for any country other than Vietnam.  Respondents identify Petitioner's removal to Palau was approved on April 5, 2026 (Dkt. No. 10 at 3), but Respondents do not state they informed Petitioner on April 5 of this approval.  And although Respondents state they gave Petitioner notice of his removal to Palau on April 21, 2026 (*see* Dkt. No. 12 at 1), they do not identify the form of the notice provided or any process Petitioner was advised of to contest the intended removal.  Instead, Respondents assert "notice and referral for a third country fear screening is not required" because Palau has provided "diplomatic assurances" Petitioner will not face harm.  (Dkt. No. 10 at 3.)  But Respondents provide no authority for this assertion other than their own internal guidance (*id*.; Dkt. No. 15 at 2) and fail to provide Petitioner with any ability to review or challenge the validity of these alleged diplomatic assurances.  Petitioner clearly objects to Respondents' third country removal attempts and fears removal to Palau may result in his refoulement to Vietnam, thereby circumventing the order withholding his removal to Vietnam.  (Dkt. No. 17 at 5–6.)  Yet Respondents' refusal to provide Petitioner any process whatsoever denies him the opportunity to challenge Respondents' efforts to effectuate third country removal—a result neither the Constitution nor this Court can accept.

"The Fifth Amendment requires that ICE provide a meaningful opportunity for [P]etitioner's claim of fear to be heard[,] and "[t]he guarantee of due process includes the right to a full and fair hearing, an impartial decisionmaker, and evaluation of the merits of his or her particular claim." *Aden*, 409 F. Supp. 3d at 1010.  Respondents' assurances that they have arranged for Petitioner's removal to Palau and received confirmation he will not be subject to

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 11

persecution or torture there (Dkt. Nos. 10, 15) are insufficiently rigorous to provide Due Process. *Aden*, 409 F. Supp. 3d at 1010 (the burden is on the government to provide Petitioner "a meaningful opportunity to be heard on asylum and withholding claims[]").  Accordingly, Respondents must reopen Petitioner's removal proceedings to provide him a meaningful opportunity to be heard on asylum and withholding claims before they can proceed with third country removal.

### B.  There is No Likelihood of Removal in the Reasonably Foreseeable Future

Petitioner also argues his continued detention is unlawful because there is no significant likelihood of removal in the reasonably foreseeable future.  (Dkt. No. 1 at 1, 3.)

*Zadvydas* "places the burden on the [noncitizen] to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'"  *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (quoting *Zadvydas*, 533 U.S. at 701).  If the noncitizen meets this burden, then the respondents must "introduce evidence to refute that assertion."  *Id.* (first citing *Zadvydas*, 533 U.S. at 701; and then citing *Xi v. I.N.S.*, 298 F.3d 832, 839–840 (9th Cir. 2002)); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) ("Given the unreasonable length of [petitioner's] detention, the unforeseeability of his removal, and the failure of the government to rebut his showing that there is no significant likelihood of removal in the reasonably foreseeable future, the government's continued detention violates federal law, as construed by the Supreme Court.").

### 1.  Petitioner has met his burden under *Zadvydas*.

Petitioner provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  First, Petitioner has

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 12

already been detained for more than six months.  Since his order of removal became final, Petitioner has been detained more than eight months (Dkt. No. 10 at 2), making his detention presumptively unreasonable under *Zadvydas*.  533 U.S. at 701.  Respondents also acknowledge Petitioner has been detained since August 21, 2025 and that under *Zadvydas*, the six-month presumptively reasonable period expired in February 2025.  (Dkt. No. 9 at 7) ("Petitioner's detention exceeded the six-month presumptive period on February 24, 2026.").

Second, Petitioner has shown his removal is not reasonably foreseeable.  He cannot be removed to Vietnam because an immigration judge granted withholding of removal to Vietnam, which neither party appealed.  (Dkt. No. 11-3 at 2, 4.)  This means the immigration judge determined Petitioner's "life or freedom would be threatened" in Vietnam and there was a "nexus between persecution or feared persecution" and 'one of five protected statutory grounds.'"[6]  *Henriquez-Mejia v. Blanche*, Case No. 20-70342, 2026 WL 1031219, at *1 (9th Cir. Apr. 16, 2026) (quoting *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016)); 8 U.S.C. § 1231(b)(3)(A) (the five protected grounds are race, religion, nationality, membership in a particular social group, or political opinion).  As a result, any removal must be to a third country. *A.A.M.*, 815 F. Supp. 3d at 1129 (explaining that if DHS is unable to remove an individual to a specified country, the immigration's judge's order does not limit DHS authority to remove the individual to another country as permitted by 8 U.S.C. § 1231(b)).  And as discussed in more detail below, Respondents have not met their burden to show that removal to a third country is likely in the foreseeable future, either.  Thus, Petitioner has met his burden, offering sufficient

---

[6] The record does not identify the specific facts or the protected class supporting the grant Petitioner's withholding of removal.  (*See* Dkt. No. 11-3.)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 13

evidence to show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

2.   Respondents have failed to rebut Petitioner's showing.

The burden thus shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Id.* Respondents fail to adequately address Petitioner's claim that his detention is presumptively unreasonable.

Petitioner argues in his traverse that third country removal requires "a meaningful opportunity to seek protection from removal to the proposed country." (Dkt. No. 17 at 6.) Without such protections, he argues, his removal to Palau is not a legally available option, "further rendering it not reasonably foreseeable." (*Id.*) Respondents argue Petitioner's removal is significantly likely in the reasonably foreseeable future because they have determined Palau is willing to accept Petitioner and because Respondents have collected Petitioner's passport. (Dkt. No. 9 at 7.) But as already identified, *see* Section III(A) *supra*, removal to Palau at present is impermissible because Due Process requires Respondents to reopen removal proceedings to provide a full and fair hearing in front of a neutral decisionmaker. Only after a full and fair hearing can the viability of removal to Palau be determined, which means Petitioner's current detention remains indefinite.

Respondents further argue there are no constitutional concerns with Petitioner's continued detention because removal has been delayed in part because of his "'recalcitrant refusal to cooperate'" with removal efforts. (Dkt. No. 9 at 7) (quoting *Pelich*, 329 F.3d at 1062). They request the Court separately deny the petition based on his lack of good faith compliance with removal efforts. (*Id.*) While it is true that a noncitizen "cannot assert a viable constitutional claim where his indefinite detention is due to his failure to cooperate with the [Government's]

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 14

efforts to remove him[,]" *Pelich*, 329 F.3d at 1061, it is also true that removal efforts must pass constitutional scrutiny from the outset.  At present, Petitioner has presented a fear-based claim as it pertains to Vietnam only, and Respondents concede Petitioner has been denied any opportunity to challenge his removal to Palau.  (*See* Dkt. No. 10 at 3) (Officer Rosa stating "notice and referral for a third country fear screening is not required").  Therefore, it is Respondents' actions, and not Petitioner's, that are keeping Petitioner indefinitely detained.  *Cf. Del Toro-Chacon v. Chertoff*, Case No. C05-1861RSL, 2008 WL 687445, at *8 (W.D. Wash. Mar. 10, 2008) (detention not indefinite when "there is no showing that the government has caused any unreasonable delay[]").  Respondents have not rebutted Petitioner's showing that his detention is presumptively unlawful.

Because there is not a significant likelihood of removal in the reasonably foreseeable future, Petitioner's detention is no longer permitted under *Zadvydas*.  *See* 533 U.S. at 699–700 ("[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.")  Petitioner's detention is unlawful, and his release is appropriate.  *See Yuksek v. Bondi*, No. 2:25-CV-02555-DGE-GJL, 2026 WL 60364 (W.D. Wash. Jan. 8, 2026) (allowing release upon a finding that removal was not reasonably foreseeable).

**IV   ORDER**

For the reasons set forth above, the Court GRANTS Petitioner's writ of habeas corpus (Dkt. No. 1) and ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody subject to reasonable conditions of supervision within **TWENTY-FOUR (24) hours** of this

order.  Also within **TWENTY-FOUR (24) hours**, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody.

2. Petitioner's removal to Palau is PROHIBITED and STAYED.  Respondents SHALL not remove Petitioner to Palau on May 4, 2026, as identified in Dkt. Nos. 15 and 16.

3. Should Respondents seek to remove Petitioner to a country other than Vietnam, Respondents SHALL move to reopen Petitioner's removal proceedings to allow Petitioner to present a full claim for relief under 8 U.S.C. § 1231(b)(3).[7]

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 3rd day of May 2026.

David G. Estudillo
United States District Judge

---

[7] In the event Petitioner is re-detained after his release pursuant to this order, any claim by Petitioner that he has been unlawfully re-detained shall be presented as a new habeas petition.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 16